UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| GEORGE BURGIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:13CV10 LMB |
| | ) | |
| BRYON HOSKINS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff (registration no. 514885), an inmate at Southeast Correctional Center, for leave to commence this action without payment of the required filing fee [Doc. #2]. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $4.86. See 28 U.S.C. § 1915(b)(1). Furthermore, after reviewing the complaint, the Court will order the Clerk to issue process or cause process to be issued on the complaint.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the

greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $11.75, and an average monthly balance of $24.31. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $4.86, which is 20 percent of plaintiff's average monthly balance.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon

which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

### The Complaint

Plaintiff, an inmate at Southeast Correctional Center ("SECC"), brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights. Named as defendants are a correctional officer, Bryon Hoskins, as well as the Superintendent of SECC, Jeff Norman.

Plaintiff asserts that defendant Hoskins, used excessive force on him in violation of the Eighth Amendment, without provocation on September 8, 2010. Plaintiff asserts that defendant Hoskins also engaged in a pattern and practice of unlawful conduct against prisoners at SECC during his time as a correctional officer/drug task force officer.

Plaintiff claims that defendant Norman failed to properly train and supervise defendant Hoskins and other men who were assigned to be members of the drug task force/correctional officers.  Plaintiff claims that defendant Norman was aware of the unlawful conduct taking place by the officers but that he failed to take corrective action, assure proper training and supervision or implement meaningful procedures to discourage the officers from engaging in the unlawful conduct.

The Court finds that plaintiff's allegations are sufficient to state a claim for relief against defendants in both their individual and official capacities for excessive force under the Eighth Amendment, as well as a failure to train/supervise.  As such, the Court will order the Clerk to issue process on defendants.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $4.86 within thirty (30) days of the date of this Order.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if plaintiff fails to pay the initial partial filing fee within thirty (30) days of the date of this Order, then this case will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint against defendants in both their individual and official capacities.

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendants shall reply to plaintiff's claims within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that this case is assigned to Track 5B: Prisoner Standard.

Dated this __19th__ day of March, 2013.

*/s/ Lewis M. Blanton*

LEWIS M. BLANTON
UNITED STATES MAGISTRATE JUDGE